B-01-133

AO 243 (Rev. 2/95)

**PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| UNITED STATES DISTRICT COURT | District Southern District of TX. Div Brownsville |
|---|---|

| Name of Movant | Prisoner No. | Case No. |
|---|---|---|
| Manuel Martinez | 86841-079 | 1:99CR00387-001 |

Place of Confinement: F.C.I. Big Spring 1900 Simler Ave Big Spring Texas 79720

UNITED STATES OF AMERICA   V.   
(name under which convicted)

United States District Court
Southern District of Texas
AUG 03 2001
Clerk of Court

**MOTION**

1. Name and location of court which entered the judgment of conviction under attack  U.S. District Court Southern District of Texas Div. Brownsville

2. Date of judgment of conviction  January 7, 2000

3. Length of sentence  (60) months

4. Nature of offense involved (all counts)  8 U.S.C. & 1326(a) AND (b)(2) Alien unluwfully found to be in the United States after deportation

5. What was your plea? (Check one)
   (a) Not guilty  ☐
   (b) Guilty  ☒
   (c) Nolo contendere  ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:
   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   N/A
   (a) Jury  ☐
   (b) Judge only  ☐

7. Did you testify at the trial?
   N/A  Yes ☐   No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

(2)

AO 243 (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court  UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

   (b) Result  Dismissed, pursuant to Anders v. California

   (c) Date of result  AUS 3, 2000

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐    No ☒

11. If your answer to 10 was "yes," give the following information:

N/A (a) (1) Name of court _____

N/A     (2) Nature of proceeding _____

N/A     (3) Grounds raised _____

N/A     (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐    No ☒

N/A     (5) Result _____

N/A     (6) Date of result _____

   (b) As to any second petition, application or motion give the same information:

N/A     (1) Name of court _____

N/A     (2) Nature of proceeding _____

N/A     (3) Grounds raised _____

(3)

AO 243 (Rev. 2/95)

N/A {
 (4) Did you receive an evidentiary hearing on your petition, application or motion?
  Yes ☐    No ☒

 (5) Result _____

 (6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
 (1) First petition, etc.    Yes ☐    No ☒
 (2) Second petition, etc.    Yes ☐    No ☒

N/A (d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A _____

N/A _____

N/A _____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

<u>Caution:</u> <u>If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date</u>.

 For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

 Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(4)

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: Due to plain error the Movant's sentence was enhanced by prior convictions that are rendered unlawful and invalid as they were obtained in violation of the Movant's rights as a Mexican citizen under the Vienna Convention.

Supporting FACTS (state *briefly* without citing cases or law)   As a Mexican citizen Movant was entitled to notification of his Vienna Convention rights prior to interrogation and prosecution for crimes committed in the United States. In no instance has the Movant been given his Vienna Convention rights at any times during the Movant's arrests or prosecutions. The Movant has been prejudiced by receiving a longer, enhanced sentence by having been denied his Vienna Convention rights. His sentence was enhanced 16 levels from a prior conviction obtained in violation of his Vienna Convention rights and then further enhanced by assessing him 8 criminal history points for all his prior convictions obtained in such a manner. The Court, if not the Government should have caught such errors.

B. Ground two: Plain error occurred when the Court accepted the Movant's plea of guilty because it was not fully knowing and intelligently made because the Movant's Vienna Convention rights were violated.

Supporting FACTS (state *briefly* without citing cases or law)   Movant has never been informed of his Vienna Convention rights. Had he been so informed he would have know that he could have mounted some sort of a defence to the charge of illegal re-entry and challenge to the validity of his prior convictions. It is the Court's duty to the Defendant to ascertain that the Defendant is entering his plea in a knowing and educated manner. Without having been informed of his Vienna Convention rights at any stage of this or any other prosecution his plea could not have been made in an intelligent and knowing manner. If he had of know his Vienna Convention rights he would not have plead guilty.

C. Ground three: Due to ineffective assistance of counsel the Movant's sentence was enhanced by prior convictions that are rendered unlawful and invalid as they were obtained in violation of the Movant's rights as a Mexican citizen under the Vienna Convention.

Supporting FACTS (state *briefly* without citing cases or law)   As a Mexican citizem Movant was entitled to notification of his Vienna Convention rights prior to his interrogation and prosecution for crimes committed in the United States. In no instance has the Movant been given his Vienna Convention rights at any of the times during the Movant's arrests or prosecutions, past or present. The Movant has been prejudiced by receiving a longer enhanced sentence by having been denied his Vienna Convention rights. Because his attorney failed to research the relevant immigration & criminal law and investigate the relevant facts of his

(5)

AO 243 (Rev. 2/95)

case his attorney failed to challenge the validity and use of his prior convictions obtained in violation of a treaty of the U.S.. The use of these illegally obtained, invalid convictions resulted in the misapplication of the guidelines which enhanced the Movant's sentence by 16 offense levels and 8 criminal history points.

D. Ground four: Due to ineffective assistance of counsel the Movant's plea of guilty was not made in a knowing, educated, and intelligent manner because of past and present violations of his Vienna Convention rights

Supporting FACTS (state *briefly* without citing cases or law) Movant's attorney failed to research the relevant immigration & criminal law and investigate his his case adequately or he would have known that the Movant had arguable defenses and a better plea bargaining position. His failure to do so caused the Movant to enter an unintelligent, uneducated, and unknowing plea which he would not have entered had he know of the multiple violations of his Vienna Convention rights. His attorney's failure deprived him of any feasable defense in which he could have received either a lower sentence or possible aquital on the enhancement under 8 USC 1326 (b). It was not until the Movant pursued the research of his case in federal prison was he ever informed that he had such rights under the Vienna Convention as a Mexican citizen. He now asserts not knowing these rights caused him to plead guilty.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: I did not know my full rights in court or that I may have received a lessor sentence if I had of raised these claims and my attorney did not raise them for me. My attorney just "plead me out" with the least amount of work and trouble and did not fully investigate my case or research relevant immigration or criminal law. He made no effort to negotiate a plea agreement with the Government so I could receive

real benifit from giving up my right to trial.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐    No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

   (a) At preliminary hearing  JEFFREY L. WILDE  AFPD 600 E. HARRISON ST. #102
       BROWNSVILLE  TEXAS 78520-7119

   (b) At arraignment and plea  SAME AS .A

   (c) At trial  N/A

   (d) At sentencing  SAME AS. A

(6)

**CLAIM FIVE:** Due to ineffective assistance on counsel the Movant has been deprived of an allowable downward departure under U.S.S.G. 5K2.0 on the basis of his cultural assimilation into the U.S..

Supporting facts (tell your story briefly without citing legal authority or argument):

Movant's counsel failed to adequately investigate the Movant's case or the relevant law or he would have know that the Movant was elligible to receive a downward departure from the U.S. Sentencing Guidelines because of his cultural assimilation into the United States. The Movant has become culturally assimilated into the U.S. and it is in the U.S. where his family resides. Because Mexico, his country of origin, is now much like a foreign country to the Movant, where he has no family or future, he was entitled to a downward departure for his cultural assimilation into the United States. Had his attorney know this has been found to be an allowable reason for granting a downward departure under the guidelines and that the Movant fit into the criteria, the attorney would have been able to use this as part of the plea bargaining prosess and presented it to the Court. Such an unprofessional error has prejudiced the Movant in his having a longer sentence.

**CLAIM SIX:** Due to ineffective assistance of counsel and my education incapacities I was deprived of anallowable downward departure under the U.S. Sentencing Guidelines. Not being given a downward departure for my deportation status violates my right to due process and equal protection of the law.

Supporting facts (tell your story briefly without citing legal authority or argument):

As a deportable alien I will suffer a longer, harsher sentence than other prisoners serving sentences under the 1987 Crime Control Act. I am ineligible for such benifits during the service of my sentence as the sentence reduction under 18 USC § 2321(e), halfway house placement, house arrest placement, camp status, Unicor work assignment, education programs, and more. This violates my rights under the U.S. Constitution to equal protection of the law and due process of the law under the U.S. Sentencing Guidelines. I was unable to request a downward departure as just compensation for these wrongs that would be done to me by the Bureau of Prisons and my attorney did not do it for me even though he should have known to do so, or used it in plea bargaining for his Mexican clients. This was a result of his failure to research law and investigate my case.

(6-A

**CLAIM SEVEN**   My sentence was calculated with the use of "double counting" of my prior convictions enhancing my sentence twice for at least one conviction in violation of my U.S. Constitutional rights.

Supporting facts (tell your story briefly without citing legal authority or arguement):

My prior conviction was used to enhance my sentence 16 levels under U.S.S.G. § 2L1.2(b)(A) and then again under U.S.S.G. § 4A1.2. "Double counting" is a product of a violation of the U.S. Constitution's Fifth Amendment Double Jeopardy Clause. This constitutional violation has occurred as a result of ineffective assistance of counsel and possibly constitutes plain error. Either my offense severity level should be reduced or my criminal history score.

**CLAIM EIGHT**   Accumulative ineffective assistance of counsel during the plea and sentencing stages of the Movant's prosecution has caused a greater, harsher sentence than would otherwise been given.

Supporting facts (tell your story briefly without citing legal authority or arguement):

Counsel's failure to research relevant law, investigate the Movant's case, further feasable defenses, and to agressively plea bargain with the Government for concessions for the Movant, rather that simply tell the Movant he had no defense or bargaining positions constitute accumulative or collective ineffective assistance of counsel. By urging the Movant to give up valuable rights for the only concession of the reduction given all defendant's for their plea of guilty, when the majority are given other concessions such as dismissal of counts or benificial recommendations by the Government, has caused the Movant to serve a longer, harsher sentence. Counsel's simply urging the Movant to plead guilty without any further services in his defense, so relieving counsel of any further duties is unprofessional error.

**CLAIM NINE:** The U.S. Supreme Court's decision in Apprendi v. New Jersey has brought into question the continuing validity of Almendarez-Torrez.

Supporting facts (tell your story briefly without citing legal authority or argument):

The U.S. Supreme Court's decision in Apprendi puts the validity of the Movant's indictment in question. If Apprendi was correctly decided, then there exists the possibility that I was improperly indicted and prosecuted. My entire case could be in question in consideration of how my defense could have been presented if my prior conviction which enhanced my sentence should have been viewed as en element of my offense. Justice Thomas, who was the fifth justice in the decision in Almendarez-Torrez, said in Apprendi, that he believes he was in error in his decision to concur in Almendarez-Torrez. This is a claim the Movant wishes to preserve in his initial § 2255 in light of Justice O'Connor's claim that APPRENDI WAS A "watershed" of new criminal law. And to present this issue to the Court for review and determination.

(6-C

AO 243 (Rev. 2/95)

    (e) On appeal <u>LAURA FLETCHER LEAVITT & JEFFREY L. WILDE   AFPD.Attorneys for</u>

<u>Appellant.   P.O. BOX 61508   Houston   TX 77208-1508</u>

N/A (f) In any post-conviction proceeding _____

_____

N/A (g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐      No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐      No ☒

N/A (a) If so, give name and location of court which imposed sentence to be served in the future: _____N/A_____

_____

N/A (b) Give date and length of the above sentence: _____

_____

N/A (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐      No ☒

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__M 27__
(Date)

_____
Signature of Movant

(7)

ClibPDF - www.fastio.com