IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 2 0 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent–Plaintiff | § | |
| | § | |
| vs. | § | CA B–01–133 |
| | § | |
| MANUEL MARTINEZ, | § | |
| Petitioner–Defendant | § | |
| ( CR B–99–387) | § | |

## GOVERNMENT'S ANSWER, MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. § 2255, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AND MOTION IN OPPOSITION TO STAY PROCEEDINGS

I.

The Court ordered the Government to respond to Petitioner's, Manuel Martinez' (hereinafter referred to as Martinez) 28 U.S.C. §2255 motion filed on August 3, 2001, by November 26, 2001. The Government opposes Martinez' motion to stay the §2255 proceedings. The Government moves to dismiss Martinez' §2255 motion, and, in the alternative, moves for summary judgment.

II.

On September 30, 1999, Martinez was charged by indictment in the Southern District of Texas, Brownsville Division, with illegal re-entry, in violation of Title 8 U.S.C. §§1326(a) & (b). He pled guilty to the indictment on October 7, 1999, without a plea agreement, before the Honorable Magistrate Judge Felix Recio ( R. 5; PSR 2). The statutory maximum for the offense was twenty (20) years.

The probation department scored the instant offense at base offense level 8, with a sixteen-level Specific Offense increase by virtue of his prior aggravated

felony conviction and recommended that he receive a three-level downward adjustment for timely acceptance of responsibility under U.S.S.G. §3E1.1(a, b) for a total offense level score of twenty-one (21) (PSR 17). His criminal history placed him in criminal history category VI (PSR 69). Martinez moved for a downward departure under §2L1.2, App. Note 5. Probation found him precluded from such departure due to the fact he had two felony convictions (ADD. PSR).

On October 14, 1999, at sentencing, the district court granted his motion for departure, adopted the PSR as written, and sentenced Martinez to sixty (60) months imprisonment, to be followed by a three-year term of Supervised Release for the instant offense (R 14). He was also ordered to pay $100.00 in mandatory costs. The judgment was entered January 12, 2000 (R. 16).

On January 13, 2000, Martinez filed Notice of Appeal. Martinez was represented by the same counsel on appeal. On August 25, 2000, Martinez' appeal was dismissed as frivolous (*United States v. Martinez*, No. 00-40053 [5[th] Cir. 2000])(R. 19). On August 25, 2000, the Fifth Circuit issued the mandate. Martinez filed the instant §2255 motion on August 3, 2001. On August 17, 2001, Martinez filed a motion to stay the instant §2255 proceedings.

III.

Martinez' §2255 pleading is timely.

2

IV.

## MOTION FOR STAY

Martinez seeks to stay the instant §2255 proceeding in order to attack his state court convictions which formed the basis of the enhancement of his federal sentence. Martinez claims his state court convictions are fatally flawed as they were obtained in violation of the Vienna Convention.

The government opposes such stay. Even assuming Martinez' claims are correct, that the Vienna Convention was violated in Virginia as to Martinez, there is no reason to stay the instant proceeding. The ground proposed by Martinez to attack his state of Virginia convictions, which triggered his federal sentencing enhancement, is not recognized as creating enforceable "personal rights" of accused by the Commonwealth of Virginia. *Shakelford v. Commonwealth,* 547 S.E. 2nd 899, 905-06 (Sup. Ct. Va. 2001); *Casi v. Commonwealth,* 508 S.E. 2nd 57, 64 (Sup.Ct. Va. 1998). As such, there is no viable legal foundation supporting Martinez' prospective attack of his state convictions in Virginia.

Even if Martinez were successful in overturning his state convictions, it would have no impact on his federal conviction or sentence. "Convictions" under 8 U.S.C. §1101(a)(48)(A) occur when a formal judgement of guilt is entered by a court. If the conviction is in place at the time of the alien's deportation or removal, §1326(b) applies. *United States v. Luna-Diaz,* 222 F.3d 1, 4 (1st Cir. 2000), *United States v. Cisneros-Cabrera,* 110 F.3d 746, 748 (10th Cir. 1997). The fact the

3

"conviction" may be later reversed or set aside for solely technical reasons does not undo its original impact of triggering a statutory enhancement under 8 U.S.C. §1326(b) or under §2L1.2(a) of the Guidelines. *United States v. Campbell*, 167 F.3d 94, 96-7 (2nd Cir. 1999); *Murrillo-Espinoza v. I.N.S.*, (2001 WL 909305 [9th Cir. 2001]).

## V.

## §2255 CLAIMS

The Government denies each and every allegation of fact made by Martinez except those supported by the record and those specifically admitted herein, and demands strict proof thereof.

## VI.

## ALLEGATIONS

Martinez alleges his constitutional rights were violated in four regards:

a.   His sentence was illegally enhanced by prior convictions which were obtained in violation of the Vienna Convention;

b.   His plea of guilty was not knowing nor intelligent as he was then unaware of his rights under the Vienna Convention and that his prior convictions were fatally flawed as they were obtained in violation of the Vienna Convention;

c.   His trial counsel was ineffective in four different manners:

1.   failing to research immigration and criminal law and to discover that his prior convictions were obtained in violation of the Vienna Convention and thus could not form the basis for the sixteen-level enhancement and eight criminal history points he suffered;

4

2. failing to research immigration and criminal law and to discover that his prior convictions were obtained in violation of the Vienna Convention weakened Martinez' plea bargaining position;

3. failing to research immigration and criminal law and to discover that his prior convictions were obtained in violation of the Vienna Convention deprived Martinez of "feasible defenses"; and

4. failing to move for downward departure due to prospective deportation and collateral consequences of imprisonment.

d. The collateral consequences of Martinez' conviction deprived him of constitutional equal protection and due process under the law.

e. Martinez' conviction violates *Apprendi.*

## VII.

## MARTINEZ' BURDEN

Martinez' first hurdle is that of "cause and prejudice". *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584 (1977)(holding "plain error" incorrect standard for §2255and requiring "cause and prejudice" standard). Martinez must first show cause that would excuse his failure to raise this claim on direct appeal and actual prejudice from the error that he now alleges. The motion should be denied and dismissed under Rule 8(a) of the rules foll. 28 U.S.C. §2255 inasmuch as he offers insufficient cause and prejudice for obtaining review on collateral attack. *See, e.g., United States v. Shaid,* 937 F.2d 228, 231–232 & n.7 (5th Cir. 1991) (en banc) (constitutional or jurisdictional issue reviewable for first time on collateral attack

5

only if the movant demonstrates cause for his procedural default and actual resulting prejudice or that the uncorrected error would result in a complete miscarriage of justice).

An allegation of "miscarriage of justice" warrants collateral review where a constitutional violation has alleged to have caused the conviction of one innocent of the crime. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1470 (1991); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643 (1986). "The 'cause' standard requires [the movant] to show that 'some objective factor external to the defense' prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (quoting *Romero v. Collins*, 961 F.2d 1181, 1183 [5th Cir. 1992] which in turn quotes *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645). "Objective factors that constitute cause include: (1) interference by officials that makes compliance with the procedural rule impracticable; (2) a showing that the factual or legal basis for the claim was not reasonably available to [the Petitioner] at the prior occasion; and (3) ineffective assistance of counsel in the constitutional sense." *Id.* The "cause" proffered by Martinez was his claimed ignorance of his "rights" under the 'Treaty' and "ineffective assistance" of counsel. Martinez argues that his attorney should have discovered that his prior convictions and instant prosecution were fatally flawed by virtue of their being violative of the Convention. Further, that his attorney

6

should have realized he was eligible for downward departure due to his prospective deportation and collateral consequences of his imprisonment.

Martinez' claimed ignorance of his "rights" under the Convention fails to sustain Martinez' burden to demonstrate cause for failure to bring the issue on direct appeal. "Ineffective assistance", if demonstrated, may satisfy the "cause" prong of his burden.

Martinez alleges that he suffered "prejudice" as a result, in that his prior and instant convictions were defective as violative of the Convention and therefore could not support the upward adjustment and criminal history increase nor sustain the instant conviction . Further, that he would not have plead guilty had he known of the fatal defects of his prior convictions. Further, that his counsel's failure to move for downward departure based upon his prospective deportation resulted in a greater sentence than he would have received. And finally, that the collateral consequences of his incarceration will result in longer incarceration than a U.S. citizen would receive.

To avoid the consequences of a dismissal by applying the fundamental–miscarriage–of–justice exception to Rule 9(b) foll. 28 U.S.C. §2255, a movant must demonstrate, as a factual matter, that he did not commit the crime of conviction. *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 861, 867 (1995); *Ward v. Cain*, 53 F.3d 106, 107 (5th Cir. 1995) (citing *Schlup*). Stated differently, the movant must demonstrate that the failure to consider his claim will result in his continued

7

incarceration though innocent.  *See Saahir v. Collins*, 956 F.2d 115, 120 (5th Cir.

1992); *United States v. Espinoza*, 82 F.3d 640, 642 (5th Cir.1996) (citing *Saahir*).

Martinez does not allege he is innocent.  He, therefore, fails the "prejudice" prong

of his "cause and  prejudice" burden.  This pleading is more rather a request to set

aside his conviction due to a collateral treaty violation.

A.     INEFFECTIVE ASSISTANCE TO SATISFY THE "CAUSE" PRONG

       1. Legal Principles Governing Ineffective Assistance.

       Ineffective assistance of counsel claims are generally reviewed under the

now  well-established  *Strickland*  standard:     "Whether  counsel's  conduct  so

undermined the proper functioning of the adversarial process that the trial court

cannot be relied on as having produced a just result." *Strickland v. Washington,*

466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984); *Roe v. Flores-Ortega*, 528 U.S.

470, 471, 120 S.Ct. 1029, 1034 (2000).  To succeed on such a claim, a petitioner

must first show that his counsel's performance fell below an objective standard of

reasonableness.  *Id.* at 688, 104 S.Ct. at 1064.  The reasonableness of counsel's

challenged conduct must be judged "on the facts of the particular case, viewed as

of the time of counsel's conduct" and the reviewing court "must strongly presume

that counsel has exercised reasonable professional conduct."  *United States v.*

*Samples,* 897 F.2d 193, 196 (5th Cir. 1990)(citations omitted).

       In order to succeed on this claim, Martinez must establish that trial counsel's

actions, "fell below an objective standard or reasonableness" and that 'but for'

8

such unprofessional errors the outcome would have been different. *United States v. Samples*, 897 F.2d at 196.  Martinez fails in both regards.

To prevail on his claims, Martinez must identify the acts or omissions that are outside the wide range of professionally competent assistance and then demonstrate that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.  A reviewing court must endeavor to eliminate the distorting effects of hindsight and evaluate the facts from counsel's perspective at the time of trial.  To this end, the court will indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Id.*  "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable". *Id.* at 690.

The burden falls on the accused to prove a violation of constitutional standards.  The focus is on the attorney's impact on the adversarial process; the constitutional standards may be met irrespective of an accused's evaluation. *United States v. Cronic*,  466 U.S. 648, 104 S.Ct. 2039 (1984).

> a.  At the plea stage.

"Effective assistance" requires counsel to provide meaningful advice on the facts and law applicable to a plea agreement. *United States v. Hodges*, 259 F.3d 655, 659 (7th Cir. 2001); *United States v. French*, 719 F.2d 387, 389 (11th Cir. 1983).  "While it need not be errorless, counsel's advice must be within the realm

9

of competence demanded of attorneys representing criminal defendants". *Jones v. White*, 992 F.2d 1548, 1557 (11th Cir. 1993). In the context of a guilty plea, Martinez must demonstrate that, but for counsel's errors, he would not have plead guilty and would have gone to trial. *Id.* citing *Hill*, 474 U.S. at 59.

      b. Sentencing errors

In the context of sentencing errors, the petitioner must show that he was prejudiced by counsel's ineffective assistance. The prejudice prong, however, is more than just an outcome determinative test; it requires the petitioner to demonstrate that the result of the proceeding was fundamentally unfair or unreliable. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 843–844 (1993); *Goodwin v. Johnson*, 132 F.3d 162, 174 (5th Cir. 1997).

Even if Martinez demonstrates that his counsel provided constitutionally infirm representation, Martinez must also demonstrate prejudice. Although Martinez need not demonstrate that, absent the error, his sentence would have been "significantly less harsh", he must demonstrate  prejudice. "Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance". *Glover v. U.S.* 531 U.S. 198, 203, 121 S.Ct. 696, 700 (2001).

10

B.    MARTINEZ' INEFFECTIVE ASSISTANCE CLAIMS

Martinez' "ineffective assistance" claims are premised on several unsupported or incorrect claims.

### 1. Vienna Convention violation

Assuming there was a Convention violation, in order to obtain relief at the trial level, Martinez would have had to demonstrate he was prejudiced by the violation. For example, that he would not have given an incriminating statement, or the like. Martinez' argument herein is that a Convention violation represents a structural defect to the prior and instant conviction. He does not allege he suffered any prejudice at the trial level. *Flores v. Johnson*, 210 F.3d 456, 457 (5th Cir. 2000)(Vienna Convention violation not a structural defect; relief at trial level requires showing of prejudice). As a Convention violation does not represent a structural defect in the instant or prior convictions, and Martinez neither alleges nor demonstrates actual prejudice at the trial level, he fails to demonstrate that his counsel's "failure" to raise the issue at the trial level was "objectively unreasonable". As he fails to demonstrate that the issue represented a viable defensive issue, he necessarily fails the "ineffective assistance" prejudice prong as well.

2.   Eligibility for downward departure due to prospective
     deportation   and   collateral   consequences   of
     imprisonment.

Martinez alleges "ineffective assistance" in his trial counsel failing to obtain

a downward departure for being subject to deportation and for the collateral

consequences of conviction particular to aliens.  However, deportability is not a

viable justification for a downward departure.  *United States v. Navarro*, 218 F.3d

895, 898 (8th Cir. 2000).

The issue of an alien's eligibility for a downward departure due to collateral

consequences, was decided by the Fifth Circuit six years prior to Martinez'

conviction in *United States v. Nnanna*, 7 F.3d 420 (5th Cir. 1993).  The Fifth Circuit

does not now, nor has it ever sanctioned such downward departures.  Although the

categorical prohibition against downward departures for "ineligibility for more

lenient conditions of imprisonment, that an alien may incur" espoused in *Nnanna*

has been tempered by the holding *Koon*, which mandates a case-specific analysis,

Martinez failed to demonstrate that his circumstances were "meaningfully atypical"

to remove him from the heartland.  *Id.* at 422;  *United States v. Lopez-Salas*, 266

F.3d 842, 2001 WL 1081108 (8th Cir. 2001)(the fact a deportable alien may be

subject to some increases in the severity of the conditions of confinement alone

is not sufficient to make his case atypical or unusual); *United States v. Maldonado*,

242 F.3d 1, 5 (1st Cir. 2001)(a deportable alien who commits a crime is still within

the "heartland", departure must be based upon additional case-specific findings

12

which made the case unusual); *United States v. Zeledon*, 2001 WL 770985 (N.D.

Tex. 2001); *United States v. Navarro*, 218 F.3d at 897–898 (more secure conditions

of confinement consequence of deportability which is a consequence of

defendant's commission of crime under illegal immigration status); *United States*

*v. Bautista*, 258 F.3d 602, 607 (7th Cir. 2001)(circumstances not extraordinary

enough to justify downward departure); *United States v. Guzman*, 236 F.3d 830,

834 (7th Cir. 2001)(although departure may be appropriate under extraordinary

circumstances, typical variance in conditions of confinement between deportable

aliens and citizens "not great"),...:  Although it is true than under *Koon*, circuit

courts may no longer categorically proscribe a basis for departure,  the  departure

sought by Martinez must fail as they do not fall outside the "heartland".  *United*

*States v. Koon*, 518 U.S. 81, 116 S.Ct. 2035 (1996).  As 18 U.S.C. §3624(c)

prohibits the assignment of aliens to halfway houses, it is presumed that the

United States Sentencing Commission considered the "statutory and regulatory

structures upon which an informed sentencing treatment of immigration offenses

significantly depended." *United States v. Clase–Espinal*, 115 F.3d 1054, 1057 (1[st]

Cir. 1997); *United States v. Angel–Martinez*, 988 F.Supp. 475, 484 (D.N.J. 1997).

A §2255 motion cannot substitute for his failure at sentencing to seek a downward

departure.  *United States v. Payne,* 99 F.3d 1273, 1281–1282 (5th Cir. 1996);

*Garcia v. United States*, 1998 WL 37515 (S.D.N.Y. 1998).

As the premises upon which Martinez' instant complaint is based has no legal support, Martinez' counsel's performance can not be shown to be deficient under *Strickland.* As Martinez has failed to demonstrate he was eligible for the alleged defenses and departures, he can show neither "cause" nor "prejudice" by his attorney's "failure" to take such action. Further, Martinez does not allege he is innocent. He therefore fails the 'miscarriage of justice' test.

VIII.

## SUBSTANTIVE CLAIMS

A. Substantive Vienna Convention Claim.

Martinez confronts his next hurdle: establishing the Vienna Convention confers "personal rights" upon inmates; the violation of which rise to the level of constitutional violations cognizable under §2255. Martinez fails in this next hurdle as well. Martinez cites no case for this proposition. No case law, of which the undersigned is aware, has interpreted the Vienna Convention to confer such "personal rights". In *Breard,* the Supreme Court declined to characterize the Vienna Convention as confirming "personal" rights upon individuals, "The Vienna Convention–which arguably confers on an individual the right to consular assistance following arrest....". *Breard v. Greene,* 523 U.S. 371, 118 S.Ct. 1352 (1998); see– *United States v. Ediale,* 201 F.3d 438 (4th Cir. 1999). Even if "personal rights" were so created, the 'Treaty' does not create constitutional or fundamental rights. *United States v. Ademaj,* 170 F.3d 58, 67 (1st Cir. 1999); *Murphy v.*

14

*Netherland*, 116 F.3d 97, 100 (4th Cir. 1997). Regardless, actual prejudice is necessary. "It is extremely doubtful that the violation (of the Vienna Convention) should result in the overturning of a final judgement of conviction without some showing that the violation had some effect on trial". *Breard,* 118 S.Ct. at 1355; *Faulder v. Johnson*, 81 F.3d 515, 520 (5th Cir. 1996).

Here, Martinez was charged and convicted of illegal entry, a crime for which the essential evidence consists of Martinez' discovery within the United States as well as government records evidencing his immigration status and lack of official permission to enter. Assuming Martinez' factual claims are true, Martinez does not allege what actual prejudice he suffered and how it impacted his conviction.

Furthermore, Martinez' substantive Vienna Convention claim is barred from collateral review by *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060 (1989). *Flores v. Johnson*, 210 F.3d at 458.

B. Substantive involuntary plea claim

    1. Legal Principles Governing Involuntary Plea.

Martinez alleges his plea of guilty was unintelligent and unknowing. Martinez claims that, had he known that his prior convictions were fatally flawed and that his instant conviction was subject to a viable defense due to violations of the Convention, he would not have plead guilty.

"A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir.

2000). The terms "voluntary" and "knowing" are frequently used interchangeably, although, strictly speaking, the terms embody different concepts. Compare 1A Charles Alan Wright, FEDERAL PRACTICE and PROCEDURE §172, 142–44 (3d ed.1999)(stating a plea of guilty is not voluntary if it is induced by threats, misrepresentation, unfulfilled promises, or promises of an improper nature), with *Id.* §173, 171–73(stating that a plea is not knowing unless, among other things, defendant understands "what the maximum possible penalty is, including any potential fine and the effect of any special parole or supervised release term").

*United States v. Hernandez,* 234 F.3d 252, 254–255 (5th Cir. 2000). To be knowing and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence." See *Boykin v. Alabama,* 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The defendant need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur. See *Trujillo v. United States,* 377 F.2d 266, 266 (5th Cir. 1967), *cert. denied,* 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221 (1967).

During the plea proceedings, the U.S. Magistrate Judge found that Martinez fully understood the charges against him and his constitutional and statutory rights that his plea was made freely and voluntarily (DOC. 18). The record, thus, demonstrates that Martinez entered his plea voluntarily and that his contention that his plea was not voluntary does not entitle him to §2255 relief. *United States*

16

*v. Drummond*, 910 F.2d 284, 285-286 (5th Cir. 1990)(although no 'direct' evidence on point, record contained 'conclusive' evidence that plea was voluntary obviating need for hearing); See *Diggs v. United States*, 447 F.2d 460 (5th Cir. 1971).

Again Martinez' claim is premised upon a false belief.  Martinez' prior and instant convictions are not fatally flawed as violative of the Vienna Convention.  As such, miss-perception forms the sole basis for Martinez' claim his plea was uninformed and involuntary, such claim fails.

    2.    <u>Collateral consequences of imprisonment of illegal aliens represents a violation of the Equal Protection clause.</u>

    3.    <u>The use of Martinez' prior conviction to enhance his sentence under §2L1.2(b)(1)(A) and under §4A1.2 represents unconstitutional "double counting".</u>

Martinez argues that, as illegal aliens, are ineligible for various beneficial prison programs, such as halfway house assignment, educational programs, etc., therefore, this disparate treatment represents a violation of the Equal Protection clause.  Such claim relates to the manner in which Martinez' sentence is served and is not cognizable under 28 U.S.C. §2255.  *United States v. Acevedo*, 7 Fed.Appx. 850, 2001 WL 280485 (10th Cir. 2001).

It is irrelevant that United States citizens are otherwise eligible for these programs, unless the statutory scheme is considered to create a classification based on alienage.  See, e.g., *Graham v. Richardson*, 403 U.S. 365, 370-372, 91 S.Ct. 1848 (1971)("Aliens as a class are a prime example of a 'discrete and insular

17

minority [see *United States v. Carolene Products Co.*, 304 U.S. 144, 152-153, n. 4, 58 S.Ct. 778 (1938)] for whom such heightened judicial solicitude is appropriate; "thus restricting welfare benefits on basis of alienage unconstitutional). However, there is a distinction between statutes which classify based on alienage and statutes which classify based on criminal actions. Given Congress' plenary power over immigration, imposing different rules on immigrants versus citizens does not in itself create a suspect classification. *Fiallo v. Bell*, 430 U.S. 787, 792, 97 S.Ct. 1473 (1977) (power to expel aliens is a fundamental sovereign attribute exercised by political departments of government and largely immune from judicial control); see also *Plyer v. Doe.* 457 U.S. 202, 223-225, 102 S.Ct. 2382 (1982)("undocumented aliens cannot be treated as a suspect class because their presence in this country in violation of federal law is not a 'constitutional irrelevancy.'... it is 'a routine and normally legitimate part' of the business of the Federal Government to classify on the basis of alien status ... and to 'take into account the character of the relationship between the alien and this country .'" '). Collateral consequences of imprisonment, distinguishing between aliens and citizens, is a rational application of this policy. *United States v. Adelke*, 968 F.2d 1159, 1160-1161 (11th Cir. 1992). Accordingly, there is no basis for Martinez' Equal Protection argument.

Similarly, the use of Martinez' prior conviction to increase his Guideline exposure under two separate Guideline sections does not violate double jeopardy

18

or due process as "double counting". Consideration of the prior conviction under two separate Guideline sections was clearly intended under the Guidelines. The two "offending" Guideline sections "concern conceptually separate notions relating to sentencing". *United States v. Zapata*, 1 F.3d 46, 48 (1st Cir. 1993)(citing *Adelke,* 968 F.2d at 1161).

### 4. Apprendi violation

Apprendi claims are not cognizable on collateral review herein. *Apprendi* has not been held retroactive to cases on collateral review by any circuits. *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001). Although the Supreme Court has not ruled upon whether *Apprendi* is to be applied retroactively to cases on collateral review, several circuits have ruled in the negative. *United States v. Murphy*, 266 F.3d 599, 2001 WL 1203219 (8th Cir. 2001); *Forbes v. United States,* 262 F.3d 143 (2nd Cir. 2001); *United States v. Moss*, 252 F.3d 993 (8th Cir. 2001); *United States v. Sanders*, 247 F.3d 139, 146–151 (4th Cir. 2001); *Jones v. Smith*, 231 F.3d 1227 (9th Cir. [Cal.] 2000). A decision within the district has also ruled in the negative. *Gonzalez v. United States*, 159 F.Supp.2d 555, 562 (S.D. Tex., 2001).

Even if *Apprendi* claims were deemed cognizable herein, it would not avail Martinez' relief. Martinez argues that the "aggravated felony" provision of 8 U.S.C. §1326(b)(2) is an essential element of the offense, rather than a sentencing enhancement factor, and that it must pled in the indictment. This argument was

19

expressly rejected by the Supreme Court in *Almendarez–Torres v. United States,* 523 U.S. 224, 226-27, 118 S.Ct. 1219 (1998). Ignoring this fact, Martinez argues that the Supreme Court's recent opinion in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000), authorizes this Court to revisit this issue and reverse his conviction. This argument was recently and explicitly rejected in *United States v. Chapa-Garza,* 243 F.3d 921, 924 (5th Cir. 2001); *United States v. Nava-Perez,* 242 F.3d 277, 279 (5th Cir. 2001), *cert. denied,* 121 S.Ct. 2537 (U.S. Jun 18, 2001) (NO. 00-9979); *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir. 2000), *cert. denied,* 121 S.Ct. 1214 (U. S. Feb 26, 2001). This Court must follow *Almendarez–Torres* unless, and until, the Supreme Court itself determines to overrule it.

Even if the Supreme Court were to overrule *Almendarez–Torres,* Martinez would be entitled to no relief. The indictment in this instance specifically directed him to 8 U.S.C. §1326(b)(2). Unlike in *Cabrera–Teran,* wherein this Court found a statutory citation to §1326(a) insufficient to put a defendant on notice as to the "arrest" element – which was one of several elements illuminated in that version of the statute, §1326(b)(2) is a *narrowly* drawn sentencing provision. It contains *only* the enhancement element:

> (b)   Criminal penalties for reentry of certain removed aliens. Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection –
>
>> (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years or both.

20

By citing to §1326(b)(2), Martinez was directed to this particular and *singular* element, and this was sufficient to give him actual on notice that the United States was charging a sentence enhancement. To hold otherwise essentially elevates form over substance, and it relegates the Grand Jury's direction to §1326(b)(2) to a meaningless act. The United States posits that this case falls under the rubric of *United States v. Varkonyi,* 645 F.2d 453 (5th Cir.1981), an earlier case in which this Court found the indictment sufficient notwithstanding failure to allege all elements of offense charged where the statutory reference directed the defendant to specific statute setting out the list of particular federal officers protected by the statute.

IX.

CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Government respectfully prays that Martinez' motion for stay be denied and his §2255 petition be dismissed, or in the alternative, subject to denial by summary judgment.

Respectfully submitted,

GREGORY A. SERRES
United States Attorney

Mark M. Dowd
Assistant U.S. Attorney
600 E. Harrison, # 201
Brownsville, Texas 78520
Texas Bar No. 06070500
Federal I.D. No. 9314
(956) 548-2554/Fax (956) 548-2549

21

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the Government's Answer, Motion for Dismissal Under 8(a) of the Rules Foll. 28 U.S.C. §2255, or in the Alternative, Motion for Summary Judgment was mailed via Certified Mail, Return-Receipt Requested to Manuel Martinez, No. 86841-079, FCI Big Springs, 1900 Simler Ave., Big Springs, Texas, 79720 on this the _19_ day of NOVEMBER, 2001.

MARK M. DOWD
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent-Plaintiff | § | |
| | § | |
| vs. | § | CA B-01-133 |
| | § | |
| MANUEL MARTINEZ, | § | |
| Petitioner-Defendant | § | |
| (CR B-99-387) | § | |

## RECOMMENDED ORDER

The Court, having considered Martinez' motions to stay the instant proceedings and to vacate sentence and the Government's response, concludes that the motions for stay and to vacate sentence should be and are DISMISSED.

Martinez has demonstrated no viable legal basis to justify his stay.

Martinez has failed to overcome the jurisdictional burden of demonstrating cause for failure to pursue his claim on direct appeal. Martinez fails to demonstrate any prejudice as a result of the complained of deficiencies or his actual innocence. Martinez fails to show his attorney's performance was deficient or that he suffered any prejudice therefrom. Even if the merits were reached, the record refutes the substance of each of his claims.

Therefore, Martinez's §2255 motion should be DISMISSED in its entirety.

DONE on this the _____ day of _____, 2001 at Brownsville, Texas.

_____

FELIX RECIO
UNITED STATES MAGISTRATE JUDGE