IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Respondent-Plaintiff, | § § § | Criminal No.: CR-99-387 |
| v. | § | Civil No.: CA B-01-133 |
| MANUEL MARTINEZ, Movant-Defendant. | § § § | |

United States District Court
Southern District of Texas
FILED

DEC 0 6 2001

Michael N. Milby
Clerk of Court

**MOVANT'S REPLY AND OPPOSITION TO THE
GOVERNMENT'S ANSWER, MOTION FOR DISMISSAL, & REQUEST TO DENY STAY**

**COMES NOW**, the Movant-Defendant, Manuel Martinez, in pro se, and respectfully objects to the Government's Answer, Motion To Dismiss, and request to deny his motion for a stay of proceeding as follows:

MOTION FOR STAY: The Movant asserts that should the Court allow him to proceed in his challenge of his defective convictions his chance of making a showing of prejudice under the Vienna Convention is great. But his challenge of the illegality of his prior convictions is not limited to Vienna Convention violations in order to either vacate or expunge some or possibly even all of his prior convictions.

While the Government is essentially correct in it's position that should the Movant vacate his prior aggrevated felony conviction that that particular enhancement may still stand. The Government, however, fails to address the fact that his criminal history score will decrease significantly, causing a misapplication of the sentencing guidelines which must be addressed in this proceeding.

The Court's failure to grant a stay of proceeding to allow Martinez to complete his challenge of the legality of his State

prior convictions in the appropriate State Court's will defeat the Court's interest in justice and fair play by depriving the Movant of his final ability to meet the burdens that are placed upon him in this proceeding.

The Cause and Prejudice prong which places the burden upon the Movant in this proceeding of Strictland v. Washington cannot be met by the Movant without the Court's allowing him the opportunity to prove the illegaly of his prior convictions in State court. If he is allowed to do so the cause prong will be satisfied by his having been sentenced to a greater sentence with the use of non-existant prior convictions. And the prejudice prong will simply be satisfied by his having received a greater sentence than called for under the guidelines.

The U.S. Supreme Court's recent decision in Daniels v. U.S. has effectively prevented the Movant from obtaining review of his claim(s) in this Court and instructs such prisoners that their relief is to be found only in State court. The strict and punitive provisions of the A.E.D.P.A. place much greater burdens on the Movant to obtain Federal review of his case should he be successful in State court after having been denied on his § 2255 motion. Which would lead to further proceedings under § 2241 and, or § 1651 at a considerable expense to the Government and a waste of valuable judicial resourse.

**THEREFORE,** the Movant prays that this Honorable Court will grant his motion for a stay of proceedings in this matter and allow his State review continue until it's conclusion before this Court enters it's final order in this § 2255 motion.

Respectfully submitted,

Dated: November 30, 2001

Manuel martinez, Movant, pro se

# **CERTIFICATE OF SERVICE**

I, __MANUEL MARTINEZ_____, certify that I mailed a copy of the attached __Reply & Opposition__, and __n/a_____, by U.S. Mail.

To: __Assistant U.S. Attorney, Oscar Ponce_____ whose address is __600 E. Harrison St., Ste. 201, Brownsville, TX 78520-7155__

to: __n/a_____ whose address is, __n/a_____.

On this __30th__ day, of __November__, 2001.

_____
Signature